| AOC-105 | Doc. Code: CI | | Case No. | 15-CI-00410 |
|---|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | | **CIVIL SUMMONS** | Court | ✓ Circuit ☐ District |
| | | | County | Oldham |

**PLAINTIFF**

ROY WIEBER

2985 Morton Ridge Road

dford                    Kentucky                    40006

**VS.**

**DEFENDANT**

The Carriage House Companies, Inc.

Eleven Conagra Drive, 1-260

Omaha                    Nebraska                    68102

**Service of Process Agent for Defendant:**

The Prentice-Hall Corporation System, Inc

421 West Main Street

Frankfort                    Kentucky                    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

_____ Clerk

_____ D.C.

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

The Carriage House Companies, Inc.
SERVE: The Prentice-Hall Corp. System, Inc.
421 West Main Street
Frankfort, KY 40601

014 1200 0000 3988 8942

2. Article Number (Transfer from service label)

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
AUG - 7 2015

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

15-CI-00410 JH

FILED AUG 10 2015

CIVIL ACTION NO. *15-CI-0040*                    **OLDHAM CIRCUIT COURT**

                                                    **DIVISION:**_____

                                                    **JUDGE:** _____

**ROY WIEBER**                                          **PLAINTIFF**
**2985 MORTON RIDGE ROAD**
**BEDFORD, KY 40006**


**v.**

                        **COMPLAINT**

**THE CARRIAGE HOUSE COMPANIES, INC.**                  **DEFENDANT**
**ELEVEN CONAGRA DRIVE, 11-260**
**OMAHA, NE 68102**


**SERVE:        THE PRENTICE-HALL CORPORATION SYSTEM, INC.**
               **421 WEST MAIN STREET**
               **FRANKFORT, KY 40601**


## I.    INTRODUCTION

Comes the Plaintiff, ROY WIEBER (hereinafter "WIEBER" or "Plaintiff"), and for his

Complaint against the Defendant,  The Carriage House Companies, Inc. (hereinafter "Carriage

House" or "Defendant"), states as follows:

## II.    JURISDICTION AND VENUE

1.    Carriage House is a Kentucky corporation.

2.    WIEBER is a Kentucky resident.

3.    Carriage House is a corporation regularly transacting business in Oldham County,

Kentucky.

4.    Venue is proper in Oldham County, Kentucky, pursuant to Kentucky Revised

Statutes ("KRS"), Chapter 452 *et seq* because the events that give rise to the causes of action in

**FILED**

AUG 0 3 2015

OLDHAM CIRC./DIST. COURT
BY_____.D.C.

this case occurred in Oldham County, Kentucky. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief.

5.      **III.      FACTS**

6.      WIEBER is a former employee of Carriage House.

7.      WIEBER worked for Carriage House as a senior machine operator.

8.      WIEBER worked for Carriage House at its Kentucky facilities.

9.      During his employment the Plaintiff disclosed that he suffered from a herniated disc. The Plaintiff sought accommodations from the Defendant (in part) in the form of convalescence time. Subsequent to Plaintiff's disclosure and request for accommodations the Defendant perceived the Plaintiff as disabled. The Defendant also directly discriminated against the Plaintiff based on his disability.

**10.**      In response to the discriminatory actions, the Plaintiff complained and was thereafter terminated in retaliation for Plaintiff's complaints.

**IV.      CLAIMS AND CAUSES OF ACTION**

**A.      RETALIATION**

11.      WIEBER re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12.      Carriage House as set forth above, constitute retaliation and unlawful discharge in violation of KRS 344.280 *et seq.*

## B.   DISABILITY DISCRIMINATION

13.     WIEBER re-alleges all allegations contained in Paragraphs 1 through 12 above as if fully set forth herein.

14.     The Defendant's actions constitutes perceived as regarded as disability discrimination, disability discrimination and failure to accommodate.

## C.   RECOVERY OF ATTORNEY'S FEES AND COSTS

15.     WIEBER re-alleges all allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16.     WIEBER is entitled to recover Plaintiff's attorney's fees and costs pursuant to the provisions of KRS 344 *et seq.*

## V.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff WIEBER respectfully prays that Plaintiff be awarded the following relief and all other relief to which Plaintiff may be entitled:

A.     Trial by jury;

B.     Judgment against the Defendant on all claims asserted herein;

C.     Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D.     Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.     Punitive damages to punish and deter similar future unlawful conduct;

F.     An award of statutory attorney fees, costs and expenses; and

G.     Statutory interest on all damage awards, verdicts or judgments.

Respectfully submitted,

Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 236-0888 (fax)

*Attorney for the Plaintiff*
*Kurt@Scharfenberger-law.com*

CIVIL ACTION NO. _15-CC-00 410___          OLDHAM CIRCUIT COURT

DIVISION:_____

JUDGE: _____

ROY WIEBER                                                PLAINTIFF
2985 MORTON RIDGE ROAD
BEDFORD, KY 40006


v.


THE CARRIAGE HOUSE COMPANIES, INC.          DEFENDANT
ELEVEN CONAGRA DRIVE, 11-260
OMAHA, NE 68102


SERVE:     THE PRENTICE-HALL CORPORATION SYSTEM, INC.
           421 WEST MAIN STREET
           FRANKFORT, KY 40601

## INTERROGATORIES AND REQUESTS TO THE DEFEDNANT

*************************

    Pursuant to Kentucky Rules 33 and 34 of the Kentucky Rules of Civil Procedure, the Plaintiff, Roy Wieber (hereinafter "Wieber" or "Plaintiff"), through counsel, propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant, The Carriage House Companies, Inc. (hereinafter "THE CARRIAGE HOUSE" or "Defendant) The Interrogatories are to be answered in writing, under oath, within thirty (30) days of the date of service hereof.  Defendant is requested to produce for inspection and/or copying all documents responsive to the Request for Production to Kurt A. Scharfenberger, 800 Kentucky Home Life Building, 239 S. Fifth Street, Louisville, Kentucky 40202, within thirty (30) days of service hereof.



FILED

AUG 0 3 2015

OLDHAM CIRC./DIST. COURT
BY_____D.C.

These Interrogatories and Request for Production of Documents are deemed continuing in nature, requiring amended or supplemental answers in conformity with Rule 26.05 of the Kentucky Rules of Civil Procedure. The instructions and definitions to be utilized in complying with these Interrogatories and Request are as follows:

## DEFINITIONS AND INSTRUCTIONS

1.      "You" or "your" shall mean and refer to the Defendant to which these Interrogatories and Request are directed, and its attorneys, investigators, agents, consultants, experts, representatives or any other person acting on the Defendant's behalf or at its request.

2.      If you make an objection to any portion of Plaintiff's Interrogatories and Request, state the specific objection as it relates to each particular portion of the Interrogatory or Request to which you are objecting. For the purpose of avoiding confusion and to identify the specific discovery disputes raised by your responses do not "string cite" boilerplate objections. (e.g. oppressive, burdensome or harassing etc.)

3.      If you object to any time frame for which a specific Interrogatory or Request seeks information, indicate the time frame for you which are providing a response.

4.      If you make "General Objections" to all of Plaintiff's First Set of Interrogatories and Request for Production of Documents provide your legal basis under the Kentucky Rules of Civil Rules of Civil Procedure for such objections.

5.      If a response to Plaintiff's Interrogatories or Request has both an objection and a sworn answer (e.g. "without waiving said objection…") please indicate your legal basis under the Kentucky Rules of Civil Procedure for this type of "hybrid" objection/response.

6.      If in any of your responses to Plaintiff's Interrogatories or Request you intend to claim that you are: "unaware" of what a certain term means, and or do not "know" what a certain term means, and or claim a term is "unknown" to you; contact counsel for the Plaintiff,

by and through your counsel, prior to the date your responses are due and request clarification as to the meaning of the term or terms causing your confusion.  If you make a timely request, the Plaintiff will grant you additional time to respond to the Interrogatories and or Requests which contain the confusing term(s).  This instruction is an attempt to resolve potential discovery disputes, without Court intervention, as required by the local Civil Rules.

7.      The term "document" or "documents" shall be used in its broadest sense and shall mean:  originals, drafts, and all non-identical copies and reproductions of: records; papers; correspondence; written communications (including internal and external communications); reports, directives; computer print-outs or tapes; summaries, records, notes, or memoranda of telephone conversations; summaries, records, notes, motions reports, memoranda or minutes of personal conversations, interviews, conferences or meetings; executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks; diaries; telephone logs; calendars; travel and expense records; worksheets; receipts; vouchers; books of account (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records); bank records and statements; canceled checks and all vouchers or retained copies, and all debit memos or other advises and written bank communication; manuals; books; pamphlets; brochures; circulars; telegrams; tape recordings; transcripts; newspaper or magazine clippings; all non-identical drafts of each document listed above; and other items on which information has been recorded or stored. Different versions of the same document with or without handwritten notation found in the original shall be considered different documents.

8.      The term "communication" as used herein shall mean and include any transmission or exchange of information between two or more persons, whether orally or in

writing, and including without limitation any conversation or discussion by means of letter, telephone, note, E-mail, text message, instant message, web E-mail, voice mail, post it note, memorandum, telegraph, fax, telecopy, pdf attachment, or any other electronic or other medium.

9.      The term "person" as used herein includes individuals, firms, corporations, partnerships, joint ventures, associations, governmental entities, other entities, or groups of persons, and each division, department, and other unit thereof, unless the context clearly indicates reference only to a specific individual.

10.      The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Interrogatories and Request for Production of Documents any information which might be deemed outside their scope by any other construction.

11.      The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

12.      The terms "referred to," "relate to" or "relating to" a given subject matter means constitutes, contains, embodies, compromises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or having as a subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specific request.

13.      Unless otherwise stated, these Interrogatories and Request for Production refer to the period of time from August 2010 to the present.

14.      The term "Plaintiff" as used herein shall refer to Roy Wieber.

15.      The term "Defendant" as used herein shall refer to THE CARRIAGE HOUSE.

16.      As used herein, a request to "identify" a natural person shall be deemed a request for that person's name, current home address and telephone number, and the name, address and

telephone number of that person's current employer or business, if known, and whether the individual is a present or former employee of THE CARRIAGE HOUSE, his or her precise job or position, titles held, the dates of employment, and the reason for termination of employment if the individual is a former employee.

17.     As used herein, a request to "identify" an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

18.     The term "identify" when used in reference to a document shall mean a statement of the date thereof, the author and, if different, the signer or signers, their addresses, its present or last-known location or custodian and all the means of identifying it.  If any such document was, but is no longer, in your possession or subject to your control, state the present whereabouts of the document, if known.

19.     With respect to each Interrogatory relating to oral communications, it is intended and requested that the answer to each such interrogatory set forth whether the oral communication was by telephone or face to face, and set forth further the names, addresses, telephone numbers, and business positions or occupations of the persons involved in said communications; the names, addresses and telephone numbers of any other person present during such communications; the date on which such communication took place; and the time and place of said communication.  For any oral communications withheld from identification as attorney-work product, or the subject of attorney-client privilege, describe such oral communication by date, parties involve and a brief description of the contents of the communication.

20.     In lieu of identifying particular documents or communications, such documents or communications may be organized, clearly labeled, and then attached to the Answer to those Interrogatories requesting identification of those documents or communications.

21.     "Describe in detail" shall mean to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of the persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the response to the Request fair and meaningful.

22.     Answers to these Interrogatories shall be responsive to the date on which the Answers to the Interrogatories are filed or served.  These Interrogatories are continuing in nature and the Defendant is required to provide such additional information as the Defendant, its attorney(s), or anyone acting on behalf of the Defendant or in concert with the Defendant may have or may obtain between the time the answers were served and the time of trial.

23.     When an Interrogatory requires you to "state the basis of" or "describe in detail" the nature of a particular claim, belief, contention, or allegation, state in your answer the identity and nature of each and every communication, fact, authority, source, document, or event which was the basis, in whole or in part, of, or which you think supports, such claim, belief, contention or allegation, and identify each person with knowledge of any communication.

24.     Wherever appropriate in these Interrogatories and Request, the singular form of a word shall be interpreted as plural.

25.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

26.     The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

27.     If your response to any Interrogatory or to the Request for Production of Documents herein is other than an unqualified response, state for such Interrogatory or Request the following:

      (a)    All facts that the Defendant contends supports in any manner its refusal to respond, or Defendant's qualified admission;

      (b)    The identity of all documents that support in any manner Defendant's refusal to respond, or qualification of Defendant's response or admission; and

      (c)    The name and address of all persons, including consultants, purported to have any knowledge of factual data upon which the Defendant bases its refusal to respond or Defendant's qualification of response or admission.

28.     If any document is withheld under a claim of privilege, furnish a detailed privilege log which identifies each document for which the privilege is claimed, including the following information:

      (a)    The date of the document;

      (b)    The sender(s);

      (c)    The recipient(s);

      (d)    The persons(s) to whom copies were furnished along with their job title(s) or position(s);

      (e)    The subject matter of the document;

      (f)    The basis on which the privilege is claimed; and

      (g)    The paragraph of these Interrogatories and Request For Production Of Documents to which said document responds.

29.     In the event any document referred to in the Request for Production of Documents is not in Defendant's possession, custody or control, specify what disposition was made of it and identify the person who has possession, custody or control of the document.

30.    In the event that any document referred to in the Request For Production of Documents has been destroyed specify the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

31.    When produced, the documents must be <u>organized</u> and <u>labeled</u> in accordance with the number of the request to which they are responsive.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories. For each person designated, please identify the Interrogatory(s) that person answered or provided assistance in answering.

**ANSWER:**


### INTERROGATORY NO. 2:

Other than any documents protected by attorney/client privilege, state whether the Defendant, or anyone on its behalf (other than counsel), has obtained any written statements from any potential witnesses, parties to this lawsuit and/or any persons with knowledge of relevant facts. If so, for each person, please state the date, identity of the person providing the statement, and the identity of the person possessing the original statement taken.

**ANSWER:**


### INTERROGATORY NO. 3:

Identify the date the Defendant terminated the Plaintiff's employment.

**<u>INTERROGATORY NO. 4:</u>**

Identify Plaintiff's direct supervisor at THE CARRIAGE HOUSE.

**<u>INTERROGATORY NO. 5:</u>**

Identify all complaints about disability discrimination at the THE CARRIAGE HOUSE

facility in Kentucky in the past two years.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 6:</u>**

Identify Plaintiff's compensation on an annualized basis.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 7:</u>**

Identify and describe the Defendant's disability discrimination policy.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 8:</u>**

Identify any counseling Defendant provided to its supervisors regarding the need to avoid

disability discrimination whether formal or informal.  For each such counseling provide the date,

the nature of the counseling and the entity and or individual(s) who provided the counseling.

**<u>ANSWER:</u>**

**INTERROGATORY NO. 9:**

Identify the reason the Defendant terminated the Plaintiff's employment.

**INTERROGATORY NO. 10:**

Identify the benefits available to the Plaintiff during Plaintiff's employment with the Defendant.

**ANSWER:**


**INTERROGATORY NO. 11:**

Identify the Defendant's health insurance provider.


**ANSWER:**


**INTERROGATORY NO. 12:**

Identify the director of human resources for the Defendant.


**INTERROGATORY NO. 13:**

Identify every exhibit that you will or may submit at trial in support of your Defense to

Plaintiff's complaint.  If your list is incomplete at this time, identify the exhibits that are

currently known to you and that you reasonably believe you will use at trial and supplement the

response at a later date.

**ANSWER:**


**INTERROGATORY NO. 14:**

Identify the defendant's employment handbook that prohibits disability discrimination.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify each person you expect to call as an expert witness at the trial of this matter and as to each such person, state:

(a)    his or her full name, address and telephone number;

(b)    area of expertise;

(c)    the subject matter in which the expert is expected to testify;

(d)    the substance of the facts and opinions to which the expert is expected to testify; and

(e)    a summary of the grounds for each such opinion.

**ANSWER:**

**INTERRROGATORY NO. 16:**

Describe any and write ups or correction action directed towards the Plaintiff while employed at the Defendant's facility.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify all complaints made by the Plaintiff to human resources while working for the Defendant.

**ANSWER**

**INTERROGATORY NO. 18**

Identify the communication company(s) that provides E-mail service for the Defendant in Kentucky.  If the Defendant provides its own E-mail service, state whether or not the Defendant

deems itself a communications provider as defined by the Federal Stored Communication Act, 18 U.S.C. § 2701.

**ANSWER:**


**INTERROGATORY NO. 19**

Have any other incidents occurred in the same or similar manner as the incidents which are the subject of this litigation?  If so, state the names of the persons involved in the incidents, the dates of the incidents, last known address(s) of the individuals, provide their phone numbers and indicate whether litigation resulted therefrom, and if so, the name, place and docket number of any lawsuit.


**ANSWER:**

**INTERROGATORY NO 20.**

Indicate whether or not the Defendant is the entity which employed the Plaintiff.  Indicate whether or not the Plaintiff has sued the proper entity; if you contend Plaintiff has not sued the proper entity, indicate the identity and title of the organization that should be sued.


**ANSWER:**

12

## STATEMENT OF DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Provide all documents or writings that are identified, described, relate to and/or were referred to by you in preparing your Answers to Plaintiff's First Set of Interrogatories accompanying this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of every document which supports any defenses asserted or that will be asserted in your Answer to Plaintiff's Complaint.  If the Defendant's list is incomplete, provide the documents currently known and supplement your responses at a later date.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents relating to claims made by Plaintiff in this action or which otherwise relate to Plaintiff's employment and discharge with the Defendant including, but not limited to, diaries, notes, letters, E-mails, logs, recordings of any kind, photos, computer generated information, voice mail and/or all other documents.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents including, but not limited to, diaries, notes, letters, logs, electronic mail, recordings and any transcripts thereof, photos, computer generated information and/or all other documents, relating to or reflecting upon Plaintiff's communications with any managers or employees of  the Defendant, or any of its parent, sister, or subsidiary companies, regarding any alleged unlawful, including opposition to unlawful conduct, wrongful, or tortious conduct, including any underlying events, facts, or circumstances relating to the allegations Plaintiff makes in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All documents which you expect or plan to use in the trial of the above-styled action, either as independent evidence, for impeachment purposes, to refresh recollection or otherwise. If the Defendant's list is incomplete, produce the documents currently known and supplement your response at a later date.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication between the Defendant and former employees of the Defendant concerning any of the underlying events, facts, or circumstances relating to Plaintiff's claims in this action.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all letters, notes, recordings, electronic communications, or documents containing statements or other communications from or with persons with knowledge of the allegations, events, and claims relating to the claims or defenses raised in this action.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the entire employment files of:   Roy Wieber.  Make the appropriate redactions to each file as required by Federal, State and Local laws.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents relating to claims of disability discrimination against the Defendant in the last five (5) years in Kentucky.  Produce for copy and inspection all e-mails or other documents sent by, to, or between or from any of the Defendant's supervisors or member of management relating in any way to the Plaintiff, her employment with the Defendant and her constructive discharge.  To the extent not included above, provide copies including, but not limited to, recordings, E-mails, notes and transcriptions of any and all statements taken from any

current or former representative, agent or employee of the Defendant which relate in any way to the allegations in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

Produce for copying and inspection any and all of Defendant's:   employment handbooks, policy manuals and training manuals relating to its operations.

**REQUEST FOR PRODUCTION NO. 11:**

Produce for copying and inspection any and all of the Defendants:   policies governing or pertaining to hostile work environment, disability discrimination or retaliation which are used in its operations.

**REQUEST FOR PRODUCTION NO. 12:**

Produce for copying and inspection any insurance policy that does or might provide insurance coverage of any kind for any of the claims asserted by the Plaintiff in her Complaint.

**REQUEST FOR PRODUCTION NO. 13:**

Provide all other exhibits, notes, memoranda, letters or other documents you will or may use in support of your Defenses in this lawsuit, whether as evidence, base data or to refresh your recollections or that of other actual or potential witnesses, which are not described in any of the categories of documents listed above.  If your list is incomplete, produce the documents you are currently aware of and supplement your response at a later date.

Respectfully submitted,

Kurt A. Scharfenberger, Esq
800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202

Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Set of

Interrogatories and Request for Production of Documents Propounded to Defendant The

Carriage House was served with the Complaint:

THE PRENTICE-HALL CORPORATION
SYSTEM, INC.
421 WEST MAIN STREET
FRANKFORT, KY 40601

COUNSEL FOR PLAINTIFF

16

CASE NO. 15-CI-00410                                    OLDHAM CIRCUIT COURT
                                                            DIVISION ONE (1)
                                                        JUDGE KAREN A. CONRAD

ROY WIEBER                                                         PLAINTIFF

v.                            **AGREED ORDER**

THE CARRIAGE HOUSE COMPANIES, INC.,                               DEFENDANT

* * * * *

The parties, through counsel, having agreed to the terms of this Agreed Order and the

Court being sufficiently advised;

IT IS HEREBY ORDERED that Defendant, The Carriage House Companies, Inc., shall

have up to and including September 19, 2015 to answer or respond to Plaintiff's Complaint; and

IT IS FURTHER ORDERED that Defendant, The Carriage House Companies, Inc., shall

have up to and including October 13, 2015 to respond or object to Plaintiff's First Set of

Interrogatories and Request for Production of Documents.

Done this ____ day of _____, 2015.

_____
JUDGE, OLDHAM CIRCUIT COURT

ENTERED
SEP 0 8 2015
OLDHAM CIRC. DIST. COURT
BY_____D.C.

HAVE SEEN AND AGREED TO:


Blaine R. Blood
BINGHAM GREENEBAUM DOLL
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: 502-587-3702
Facsimile: 502-588-1320
E-Mail: bblood@bgdlegal.com

and

Hillary L. Klein (*Pending Pro Hac Vice*)
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423-757-5950
Facsimile: 423-266-5499
E-mail: Hillary.klein@huschblackwell.com

COUNSEL FOR DEFENDANTS

and


Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

COUNSEL FOR PLAINTIFF

16263942_1.doc

2

CASE NO. 15-CI-00410                                OLDHAM CIRCUIT COURT
                                                       DIVISION ONE (1)
                                                    JUDGE KAREN A. CONRAD

ROY WIEBER                                                      PLAINTIFF

v.                          **NOTICE-MOTION-ORDER**

THE CARRIAGE HOUSE COMPANIES, INC.,                            DEFENDANT
                              * * * * *

## NOTICE

**PLEASE TAKE NOTICE** that on Friday, September 25, 2015 at 1:00 p.m. in the courtroom of the above Court or as soon thereafter as counsel may be heard, Defendant, The Carriage House Companies, Inc. will make the following Motion and tender the Order attached hereto.

## MOTION FOR ADMISSION *PRO HAC VICE*

Pursuant to SCR 3.030(2), Blaine R. Blood, on behalf of the Defendant, respectfully moves this Court for the admission *pro hac vice* of Hillary L. Klein. Counsel respectfully prays that this Honorable Court grant Attorney Hillary L. Klein leave to actively participate in all proceedings in connection with the above-captioned matter on behalf of the Defendant. In support of this Motion, Blaine R. Blood submits the attached Affidavit as Exhibit 1.

WHEREFORE, Blaine R. Blood, as counsel of record for the Defendant, respectfully prays that this Honorable Court grant the instant Motion for Admission *pro hac vice* of Hillary L. Klein.

A proposed Order is tendered herewith.

FILED

SEP 0 9 2015

OLDHAM CIRC./DIST. COURT
BY_____D.C.

KCP-4614195-1

Respectfully submitted,

Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

HUSCH BLACKWELL LLP

Hillary L. Klein                              BPR No. 024988
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT
THE CARRIAGE HOUSE COMPANIES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Defendant's Notice-Motion-Order was delivered via first class U.S. Mail, postage prepaid, this 9th day of September, 2015, to:

Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANTS

2

CASE NO. 15-CI-00410                                    OLDHAM CIRCUIT COURT
                                                              DIVISION ONE (1)
                                                        JUDGE KAREN A. CONRAD

ROY WIEBER                                                          PLAINTIFF

v.                  **AFFIDAVIT OF BLAINE R. BLOOD**

THE CARRIAGE HOUSE COMPANIES, INC.,                                DEFENDANT

                              * * * * *

In support of this Motion, counsel of record hereby certifies that:

1.      Blaine R. Blood is local counsel for Defendant.

2.      Blaine R. Blood is a member in good standing of the Bar of the Commonwealth
of Kentucky.

3.      Blaine R. Blood is an attorney with the law firm of Bingham Greenebaum Doll
LLP, and regularly maintains an office for the practice of law in the Commonwealth of
Kentucky, located at 3500 National City Tower, Louisville, Kentucky.

4.      Hillary L. Klein is an attorney with the law firm of Husch Blackwell LLP, 736
Georgia Avenue, Suite 300, Chattanooga, Tennessee.

5.      Hillary L. Klein is a member in good standing of all bars in which she is a
member.

6.      Hillary L. Klein consents to the jurisdiction and rules of the Kentucky Supreme
Court governing professional conduct.  (See Exhibit A, Affidavit of Hillary L. Klein).

7.      The Kentucky Bar Association Out-Of-State Certification Form is attached as
Exhibit B.

FURTHER, Affiant sayeth naught.

_____
Blaine R. Blood

COMMONWEALTH OF KENTUCKY    )
                                 )SS:
COUNTY OF JEFFERSON           )

      Subscribed and sworn to before me by Blaine R. Blood on this the ___9th___ day of

___September___, 2015.

                                _____
                                Notary Public

                                My Commission expires: ___06-23-19___

2

CASE NO. 15-CI-00410

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD

ROY WIEBER                                                          PLAINTIFF

v.                    **AFFIDAVIT OF HILLARY L. KLEIN**

THE CARRIAGE HOUSE COMPANIES, INC.,                    DEFENDANT

* * * * *

1.      My name is Hillary L. Klein and I make this Affidavit in support of the pending motion for Order admitting me *pro hac vice* to appear in this action as attorney of record for Defendant., The Carriage House Companies, Inc.  I seek admission to this Court for the purpose of participating in above-styled action.

2.      I am an attorney with Husch Blackwell LLP, 736 Georgia Avenue, Suite 300, Chattanooga, Tennessee.

3.      I am currently duly licensed and in good standing to practice law before the following courts:  Missouri, Kansas, and Tennessee.

4.      I am not currently, and never have been, suspended or disbarred from any Court, nor has any adverse disciplinary decision been rendered against me by any state bar, bar association, or Court.

5.      I hereby consent to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct.

KCP-4614195-1

Further Affiant sayeth naught.

_____
HILLARY L. KLEIN

STATE OF MISSOURI                         )
                                          )SS:
COUNTY OF ___Jackson___                   )

Subscribed and sworn to before me by Hillary L. Klein on this the 31st day of
August, 2015.

_____
Notary Public

My Commission expires: ___4/5/2018___

SHARON D. BARLOW
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires: April 5, 2018
Commission # 14847627

2

KCP-4614195-1

# KENTUCKY BAR ASSOCIATION
## 514 WEST MAIN STREET
## FRANKFORT, KENTUCKY 40601-1812
### (502) 564-3795
### FAX (502) 564-3225
### www.kybar.org

**OFFICERS**
Douglass Farnsley
**President**

R. Michael Sullivan
**President-Elect**

William R. Garmer
**Vice President**

William E. Johnson
**Immediate Past President**

**YOUNG LAWYERS**
J. Tanner Watkins
**Chair**

**EXECUTIVE DIRECTOR**
John D. Meyers

**BOARD OF GOVERNORS**
Mindy G. Barfield
Amy D. Cubbage
Melinda G. Dalton
Thomas N. Kerrick
Howard Oliver Mann
Earl M. McGuire
J. D. Meyer
Eileen M. O'Brien
Michael M. Pitman
W. Fletcher Schrock
Gary J. Sergent
Bobby Simpson
J. Stephen Smith
John Vincent



## KENTUCKY BAR ASSOCIATION
## OUT-OF-STATE CERTIFICATION FORM

**COURT** <u>Oldham County Circuit Court</u>                    **CASE NO.** <u>15-CI-00410</u>

**SCR 3.030 Membership, practice by nonmembers and classes of membership**

      (2) A person admitted to practice in another state, but not in this state, shall be permitted to practice a case in this state only if that attorney subjects himself or herself to the jurisdiction and rules of the court governing professional conduct, pays a per case fee of $270.00 to the Kentucky Bar Association and engages a member of the association as co-counsel, whose presence shall be necessary at all trials and at other times when required by the court. No motion for permission to practice in any state court in this jurisdiction shall be granted without submission to the admitting court of a certification from the Kentucky Bar Association of receipt of this fee.

The Kentucky Bar Association certifies that <u>Hillary Klein</u> has paid the per-case fee of $270.00 on <u>August 20, 2015</u> in the above referenced case as required in SCR 3.030(2).

<u>_Michele M. Pogrotsky_</u>

**Michele M. Pogrotsky, Deputy Registrar**

CASE NO. 15-CI-00410                                  OLDHAM CIRCUIT COURT
                                                           DIVISION ONE (1)
                                                      JUDGE KAREN A. CONRAD

ROY WIEBER                                                          PLAINTIFF

v.                              **ORDER**

THE CARRIAGE HOUSE COMPANIES, INC.,                                DEFENDANT
                              * * * * *

    Upon consideration of the Motion of Blaine R. Blood counsel for Defendant, The

Carriage House Companies, Inc., and the Court being sufficiently advised,

    IT IS HEREBY ORDERED that Hillary L. Klein should be, and hereby is, granted

permission to appear and participate *pro hac vice* as co-counsel of record in this action.

    Done this ___25___ day of ___Apr___, 2015.

                                    _____
                                      JUDGE, OLDHAM CIRCUIT COURT

ENTERED

SEP 2 5 2015

OLDHAM CIRC/DIST. COURT
BY_____D.C.

KCP-4614195-1

TENDERED BY:

Blaine R. Blood
BINGHAM GREENEBAUM DOLL
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

and

HUSCH BLACKWELL LLP

Hillary L. Klein             BPR No. 024988
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANTS

2

CASE NO. 15-CI-00410

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN CONRAD

ROY WIEBER                                                      PLAINTIFF

V.

THE CARRIAGE HOUSE COMPANIES, INC.                             DEFENDANT

* * * * * * *

## NOTICE – MOTION - ORDER

**PLEASE TAKE NOTICE** that on Friday, October 2, 2015, at 1:00 p.m. in the above-referenced Court, Defendant The Carriage House Companies, Inc., will make the following Motion and tender the Order submitted herewith.

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Defendant The Carriage House Companies, Inc., by counsel and pursuant to CR 12.05 respectfully requests that the Court order Plaintiff to provide a more definite statement of his "Disability Discrimination" claim asserted as Count IV.B. in his Complaint. In particular, Defendant requests that the Court order Plaintiff to identify the law under which he seeks to pursue his "Disability Discrimination" claim.

## INTRODUCTION

Under our Civil Rules, a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." CR 8.01(1)(a). *See also, Security Trust Co. v. Dabney*, 372 S.W.2d 401, 407 (Ky. 1963) (even under notice pleading rules, a complaint must still disclose a cause of action). Although Plaintiff's Complaint makes factual assertions and identifies a cause of action for "Disability Discrimination," it does not identify the law Plaintiff claims to have been violated and under which he seeks relief. It is unclear from the Complaint



whether Plaintiff intends to assert a State law statutory claim, a Federal law statutory claim, and/or something else.

Absent a pleading which identifies the law under which Plaintiff asserts his claim of Disability Discrimination, Defendant simply cannot fairly and reasonably respond to Plaintiff's Complaint.   Consequently, a more definite statement of Plaintiff's claim is warranted and necessary at this time.

## ARGUMENT

Under CR 12.05, a Court may order a more definite statement if a party cannot reasonably frame a response to a pleading because the pleading is vague or ambiguous.   And particularly where a pleading fails to state a cause of action, thus failing to notify the adverse litigant of the basis of the claim, the pleading is subject to a CR 12.05 motion.   *Caldwell v. Frazier*, 304 S.W.2d 922, 923 (Ky. 1957) (per curiam).   *See also, Bolin v. Davis*, 283 S.W.3d 752, 756-57 (Ky. App. 2008) (CR 12.05 motion is appropriate where defendant is prejudiced or confused due to deficient notice of the claim asserted against it).   Defendant cannot ascertain whether a federal discrimination claim has been asserted in addition to state law claims. Clarification of the specific legal claims at issue is essential in order for Defendant to frame its factual response to the Complaint, assert legal defenses, and avail itself of procedural rules and defenses applicable to federal claims.   Resolution of this matter at the outset of litigation promotes judicial efficiency and will assist in focusing discovery efforts.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court order Plaintiff to provide a more definite statement of his Disability Discrimination claim, so that Defendant may fairly prepare an appropriate responsive pleading.

Respectfully submitted,

*Blaine R. Blood (by ALZ)*

Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY  40202
502-589-4200
bblood@bgdlegal.com

COUNSEL FOR DEFENDANT,
THE CARRIAGE HOUSE COMPANIES,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, this 18th day of September, 2015, via regular U.S. mail, upon the following:

Kurt Scharfenburger
800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202

*Blaine R. Blood (by ALZ)*

COUNSEL FOR DEFENDANT

3

CASE NO. 15-CI-00410                                      OLDHAM CIRCUIT COURT
                                                          DIVISION ONE (1)
                                                          JUDGE KAREN CONRAD


ROY WIEBER                                                                    PLAINTIFF

V.

THE CARRIAGE HOUSE COMPANIES, INC.                                           DEFENDANT

                              * * * * * * *

                              **ORDER**

       Upon consideration of the Motion for More Definite Statement made by Defendant, The

Carriage House Companies, Inc., and the Court being sufficiently advised,

       IT IS HEREBY ORDERED that Defendant's Motion for More Definite Statement should

be, and hereby is, granted.  Plaintiff shall have fourteen (14) days from the entry of this order to

file an amended complaint identifying whether the Complaint states any federal causes of action.

       Done this _____ day of _____, 2015.



                              _____
                              JUDGE, OLDHAM CIRCUIT COURT


16300780_1.doc

CIVIL ACTION NO.  15-CI-00410                                  OLDHAM CIRCUIT COURT

                                                              DIVISION: ONE (1)

                                                              JUDGE: KAREN CONRAD

ROY WIEBER                                                    PLAINTIFF
2985 MORTON RIDGE ROAD
BEDFORD, KY 40006

v.

                                 **FIRST AMENDED COMPLAINT**

THE CARRIAGE HOUSE COMPANIES, INC.                           DEFENDANT
ELEVEN CONAGRA DRIVE, 11-260
OMAHA, NE 68102

SERVE:     THE PRENTICE-HALL CORPORATION SYSTEM, INC.
           421 WEST MAIN STREET
           FRANKFORT, KY 40601

## I.     INTRODUCTION

Comes the Plaintiff, ROY WIEBER (hereinafter "WIEBER" or "Plaintiff"), and for his

First Amended Complaint against the Defendant, The Carriage House Companies, Inc.

(hereinafter "Carriage House" or "Defendant"), states as follows:

## II.     JURISDICTION AND VENUE

1.     Carriage House is a Kentucky corporation.

2.     WIEBER is a Kentucky resident.

3.     Carriage House is a corporation regularly transacting business in Oldham County,

Kentucky.

4.     Venue is proper in Oldham County, Kentucky, pursuant to Kentucky Revised

Statutes ("KRS"), Chapter 452 *et seq* because the events that give rise to the causes of action in

FILED

OCT 0 5 2015

OLDHAM CIRC./DIST. COURT
BY _____ D.C.

this case occurred in Oldham County, Kentucky. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief.

5.     III.     **FACTS**

6.     WIEBER is a former employee of Carriage House.

7.     WIEBER worked for Carriage House as a senior machine operator.

8.     WIEBER worked for Carriage House at its Kentucky facilities.

9.     During his employment the Plaintiff disclosed that he suffered from a herniated disc. The Plaintiff sought accommodations from the Defendant (in part) in the form of convalescence time. Subsequent to Plaintiff's disclosure and request for accommodations the Defendant perceived the Plaintiff as disabled. The Defendant also directly discriminated against the Plaintiff based on his disability.

10.     In response to the discriminatory actions, the Plaintiff complained and was thereafter terminated in retaliation for Plaintiff's complaints.

IV.     **CLAIMS AND CAUSES OF ACTION**

A.     **RETALIATION**

11.     WIEBER re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12.     Carriage House as set forth above, constitute retaliation and unlawful discharge in violation of KRS 344.280 *et seq.*

## B.      DISABILITY DISCRIMINATION

13.      WIEBER re-alleges all allegations contained in Paragraphs 1 through 12 above as if fully set forth herein.

14.      The Defendant's actions constitutes perceived as regarded as disability discrimination, disability discrimination and failure to accommodate in violation of  The Kentucky Civil Rights Act, Kentucky Revised Statues (KRS) Chapter 344.

## C.      RECOVERY OF ATTORNEY'S FEES AND COSTS

15.      WIEBER re-alleges all allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16.      WIEBER is entitled to recover Plaintiff's attorney's fees and costs pursuant to the provisions of KRS 344 *et seq.*

## V.      PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff WIEBER respectfully prays that Plaintiff be awarded the following relief and all other relief to which Plaintiff may be entitled:

A.      Trial by jury;

B.      Judgment against the Defendant on all claims asserted herein;

C.      Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D.      Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.      Punitive damages to punish and deter similar future unlawful conduct;

F.      An award of statutory attorney fees, costs and expenses; and

G.      Statutory interest on all damage awards, verdicts or judgments.

Respectfully submitted,

Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 236-0888 (fax)

*Attorney for the Plaintiff*
*Kurt@Scharfenberger-law.com*

CIVIL ACTION NO. 15-CI-00410

OLDHAM CIRCUIT COURT
DIVISION THREE (1)
JUDGE KAREN CONRAD

ROY WIEBER                                                          PLAINTIFF

v.

THE CARRIAGE HOUSE COMPANIES,                              DEFENDANT
INC.

* * * * *

## ANSWER OF DEFENDANT
## THE CARRIAGE HOUSE COMPANIES, INC

Defendant, The Carriage House Companies, Inc.  ("Defendant"), by counsel, for its Answer to Plaintiff, Roy Wieber's ("Plaintiff"), First Amended Complaint, responds as follows with numerical paragraphs in Defendant's Answer responding to the corresponding numerical paragraph in Plaintiff's First Amended Complaint:

1.      Denied.

2.      Admitted upon information and belief.

3.      Admitted.

4.      Admitted that venue is proper in this Court, but denied Defendant engaged in any conduct giving rise to a cause of action under the law.

5.      This is a heading, not a factual or legal assertion.  As such, it does not require a response from Defendant.

6.      Admitted.

7.      Admitted Plaintiff worked as a machine operator.

8.      Admitted.

9.      Admitted Plaintiff disclosed that he suffered from spinal and other medical issues that would require surgery and an indefinite leave of absence, from which he did not know if he



would be able to return to work. Denied as to all remaining contentions and inferences asserted in paragraph 9.

10.     Denied as to all contentions, allegations, and inferences asserted in paragraph 10.

11.     Defendant reasserts its responses to the allegations contained in paragraphs 1 through 10 above.

12.     Denied.

13.     Defendant reasserts its responses to the allegations contained in paragraphs 1 through 12 above.

14.     Denied.

15.     Defendant reasserts its responses to the allegations contained in paragraphs 1 through 14 above.

16.     Denied that Plaintiff is entitled to the relief requested. Further answering, denied that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" section that follows paragraph 16.

## GENERAL DENIAL

Defendant denies any contention or allegation in Plaintiff's First Amended Complaint that is not specifically admitted in this Answer.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because he was an at-will employee whose employment, under Kentucky law, could be terminated or modified at any time, for any reason not contrary to law, with or without notice.

## THIRD DEFENSE

All of Defendant's actions toward Plaintiff were taken with the good-faith, honest belief that they were appropriate; and without malice, reckless indifference, or any desire to harm Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all of Defendant's actions with respect to the Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reason(s).

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because his damages – if any – are not the result of any action or inaction taken by Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were taken in compliance with its policies and procedures – which Plaintiff agreed to follow.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to give Defendant proper notice of his alleged discrimination concerns and/or any other alleged wrongful conduct.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because – to the extent he reported his alleged discrimination or other concerns – they were not reported properly and/or they were reported in bad-faith.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he has not suffered any damages and/or failed to mitigate his alleged damages.

3

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he was not discriminated against.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he cannot establish a prima-facie case of discrimination or retaliation.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he cannot establish that Defendant's actions were a pretext for discrimination or retaliation.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any impermissible motivating factor.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because punitive damages are not permitted by the Kentucky Civil Rights Act for employment-related claims.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, bad faith, and unclean hands.

## SIXTEENTH DEFENSE

Defendant reserves the right to amend this Answer to raise any and all defenses, affirmative or otherwise, which may become available during this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests relief as follows:

A.      That Plaintiff's Complaint be dismissed in its entirety;

4

B.    That Plaintiff be required to pay any costs, expenses, and/or attorneys' fees for

Defendant, and any post and/or pre-Judgment interest thereon; and

C.    Any and all further relief to which Defendant may be entitled.

Respectfully submitted,

Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
101 South Fifth Street
Louisville, KY  40202-3197
(502) 587-3702
bblood@bgdlegal.com

Hillary L. Klein
HUSCH & BLACKWELL
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

COUNSEL FOR DEFENDANT,
THE CARRIAGE HOUSE COMPANIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this _16th_ day of _October_ 2015, a copy of the foregoing

was mailed to the following:

Kurt A. Scharfenberger
1800 Kentucky Home Life Bldg.
239 S. Fifth Street
Louisville, KY  40202
(502) 561-0777
(502) 236-0888
Kurt@scharfenberger-law.com

COUNSEL FOR PLAINTIFF

_____
COUNSEL FOR DEFENDANT

16693211_1.docx